# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JESSICA PRITCHETT, | CASE NO. 5:21 CV 671 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| vs. | |
| JUDGE PAULA C. GUILLITTO, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

*Pro se* Plaintiff Jessica Pritchett filed this action against Portage County Domestic Relations Court Judge Paula C. Guillitto, her child's father Christopher Elliott, her child's step mother Kristy Elliott, Attorney Robert E. Rosenberg and Guardian Ad Litem Beth Blackmoore. In the Complaint (Doc. # 1), Plaintiff alleges the Portage County Domestic Relations Court awarded custody of her child to Elliott. She contends that the Defendants conspired to deny her civil rights and denied her due process. She seeks custody of her daughter or shared parenting, dismissal of all parental kidnaping charges, and monetary damages.

## I. BACKGROUND

Plaintiff alleges that she and Christopher Elliott are the parents of a minor child. She states that for eight years, Elliott made little effort to see his child, and had no contact with her for the last four years. In early 2019, the Portage County Domestic Relations Court ordered visitation between Elliott and the child for reunification purposes. One month after the first

visitation, Elliott filed an ex parte Motion for temporary custody of the minor child, stating Plaintiff was abusing drugs. Plaintiff was residing with the child in Missouri and had enrolled the child in school in that state. Elliott alleged parental kidnaping. Plaintiff claims she was not properly served and missed a court date. She contends the court awarded temporary custody to Elliott. She states Elliott and his new wife Kristy enrolled the child in school in Ohio under a false name and listed Kristy as the child's other parent. She alleges that she is not receiving a fair hearing because Kristy's father campaigns for Judge Guillito and is a family friend. She asks this Court to intervene in the ongoing proceedings, award her custody of the child, terminate any parental kidnaping charges that may have been brought against her and award her monetary damages.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

### III. ANALYSIS

As an initial matter, this Court cannot interfere with a pending state court proceeding. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is

mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present. The Domestic Relations case is still pending and child custody matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert her federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of her claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present her federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

Generally, the *Younger* doctrine requires a federal court to stay the damages portion of the federal action during the pendency of a state action on the same matter. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir.1998); *see also Myers v. Franklin Cnty. Court of Common Pleas*, 23 F. App'x 201, 206-07 (6th Cir. Aug.7, 2001). When, however, the Plaintiff has failed to state a viable claim for damages against any of the Defendants, this case must be dismissed.

Plaintiff asserts two federal claims. The first one is asserted under 42 U.S.C. § 1983 for denial of due process. As an initial matter, Plaintiff has not named a Defendant that can be sued for damages under § 1983. Judge Guillito is absolutely immune from damages for claims arising from her decisions in the child custody case. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Furthermore, § 1983 provides a cause of action against state and local government officials. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Christopher Elliott, Kristy Elliott, Robert E. Rosenberg and Beth Blackmoore are private parties, not government officials. *Reguli v. Guffee*, 371 F. App'x 590, 601 (6th Cir. 2010)(court appointed Guardian Ad Litem is not a state actor); *Dennis v. Sparks*, 449 U.S. 24, 28 (1980)(private party litigants are not state actors). Finally, there are no allegations against Rosenberg and Blackmoore. To meet federal notice pleading requirements, the Complaint must give the Defendants fair notice of what the Plaintiff's claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). There are no factual allegations suggesting what they did to deny Plaintiff due process.

Plaintiff also asserts a claim under 42 U.S.C. § 1985 for conspiracy to deny civil rights. This statute, however, specifically targets conspiracies to deprive a person of equal protection based on race or other class-based discriminatory animus. *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff does not allege facts suggesting there was a conspiracy or that her race was a motivating factor in the Defendants' actions. She fails to state a claim under § 1985.

Plaintiff's remaining claims arise, if at all, under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative

facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, this Court declines jurisdiction to hear Plaintiff's state law claims.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. #2) is granted and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

    */s/Dan Aaron Polster 7/16/21*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.